UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Usman Chaudhry</u>

    v.                                        Civ. No. 25-cv-125-JL-AJ

<u>Township of Salem, NH</u>
<u>Michael Zaino</u>

**<u>REPORT AND RECOMMENDATION</u>**

Self-represented plaintiff Usman Chaudry has brought claims against the Town of Salem, New Hampshire ("Salem"), and New Hampshire Circuit Court Judge Michael Zaino, stemming from a 2022 incident involving police and medical personnel. Presently before the court for a recommended disposition is Salem's motion to dismiss. (Doc. No. 5). For the reasons that follow, the undersigned Magistrate Judge recommends granting the defendant's motion.

**<u>Background</u>**[1]

Mr. Chaudhry, a New Jersey resident, alleges that he called 911 after he was attacked in 2022 while on business in New Hampshire. He further alleges that various Salem Police Officers

---

[1] The court recites Mr. Chaudhry's allegations as stated in his complaint (Doc. No. 1) and addendum (Doc. No. 6). Salem supplemented its motion (Doc. No. 7) in response to Mr. Chaudhry's addendum.

and emergency medical personnel failed to help him, but instead "attempted to stage this brutal attack as a self-inflicted suicide attempt while in handcuffs." Compl. Add. (Doc. No. 6) ¶¶ 4-5. Mr. Chaudhry alleges that the responders filed "nearly 100 false statements in police reports, tamper[ed] with evidence, [and] fabricated and destroyed evidence. Id. ¶ 6. He also asserts that the responding officers were using cocaine while responding to Mr. Chaudhry's 911 call, admitting this behavior on video. Id. ¶¶ 7-8.

Mr. Chaudhry asserts that Judge Zaino is covering up the officers' assault and drug use. He also alleges that Judge Zaino violated his Constitutional and statutory rights by "issuing an unlawful court order to appear in person . . ." during criminal proceedings in New Hampshire state court. See State v. Chaudhry, No. 473-2022-CR-1477 (10th Cir. Dist. Div. – Salem).

This is the second suit Mr. Chaudhry has filed in this court based on the 2022 incident. See Chaudhry v. Salem Police Dep't. et al., No. 23-cv-118-JL (D.N.H. filed Feb 13, 2023) ("Chaudhry I"). In Chaudhry I, as he does here, Mr. Chaudhry alleged, among other things, that various Salem officers assaulted him in July 2022, and that the officers and EMS personnel responding to a 911 call in July 2022, "staged [his] injuries" as being self-inflicted. See Chaudhry I, Compl. (Doc. No. 1) at 15, 17, 28, 29. Mr. Chaudhry asserted multiple

2

Constitutional and common law claims against Salem related to the use of force, his detention, and arrest. Mr. Chaudhry voluntarily dismissed Chaudhry I with prejudice. Id. Pltff. Mot. (Doc. No. 19) ¶ 4.

## Legal Standard

The Federal Rules of Civil Procedure, including Rule 12(b)(6), require a plaintiff to make factual allegations sufficient to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Ocasio-Hernández v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (internal citations omitted). This standard demands more than "threadbare recitals of the elements of a cause of action" or factual allegations that simply "parrot[ ] [the] standard for [ ] liability." Id. (internal citations omitted). A claim is facially sufficient if it pleads "factual content" that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.[2]

## Discussion

Salem asserts two bases for dismissal. First, Salem argues that the claims against it in this case a barred by the doctrine

---

[2] When, as it is here, the court is considering a motion to dismiss on grounds of res judicata, it may consider the record in the original action. Medina-Padilla v. United States Aviation Underwriters, Inc., 815 F.3d 83, 85 (1st Cir. 2016).

3

of res judicata.  Alternatively, Salem claims that the complaint does not set forth sufficient allegations to state federal claims against Salem. As the court finds that the application of res judicata conclusively warrants dismissal of this action, the court addresses only that argument.

Res judicata -- also known as claim preclusion -- is a longstanding legal doctrine, pursuant to which "a final judgment on the merits of an action precludes the parties from relitigating claims that were or could have been raised in [that] action." Rivera-Rosario v. LSREF2 Island Holdings, Ltd., Inc., 79 F.4th 1, 2 (1st Cir. 2023) (quoting Haag v. United States, 589 F.3d 43, 45 (1st Cir. 2009)); see Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1164 (1st Cir. 1991) ("Once there has been an adjudication on the merits, federal law stipulates that all claims which are 'part of the same cause of action' are extinguished, whether or not actually asserted in the original action." (citation omitted)).

Claim preclusion generally applies "where there is (1) a prior final judgment on the merits (2) on the same or sufficiently identical claims (3) between the same parties or their privies." TMTV Corp. v. Mass Prods., Inc., 645 F.3d 464, 473 (1st Cir.  2011). Claim preclusion may also apply when a defendant is "closely related to a defendant from the original action" but "was not named in the previous law suit," such as

4

where "alleged conspirators are sued in the first (unsuccessful) action and the remainder in a second suit based on the same allegations." Negrón-Fuentes v. UPS Supply Chain Sol., 532 F.3d 1, 10 (1st Cir. 2008). The party asserting the defense of res judicata bears the burden of proof as to the defense. See Dillon v. Select Portfolio Servicing, 630 F.3d 75, 80 (1st Cir. 2011). With respect to Salem, all required elements of claim preclusion are present.

As to the requirement of a final judgment on the merits, "a voluntary dismissal with prejudice is ordinarily deemed a final judgment that satisfies the res judicata criterion." Am. Cyanamid Co. v. Capuano, 381 F.3d 6, 17 (1st Cir. 2004) (quoting United States v. Cunan, 156 F.3d 110, 114 (1st Cir.1998). Mr. Chaudhry's voluntary dismissal in Chaudhry I therefore satisfies this element.

Next, to determine whether there is sufficient identity between two causes of action, the court asks whether they "were sufficiently related, that is, if they were founded upon the same transaction, arose out of the same nucleus of operative facts, and sought redress for essentially the same basic wrong." Kale 924 F.2d at 1166. Mr. Chaudhry's claims in the two cases plainly arise from the same common nucleus of operative fact – his encounter with Salem police and emergency medical personnel

in July 2022. This is sufficient to satisfy the second claim preclusion element.

Finally, the defendant here – the Town of Salem -- was also a defendant in Chaudhry I. As the parties and claims in this suit are identical to those which were brought – or could have been brought – in Chaudhry I, the court recommends dismissal of this action against Salem based on res judicata.

## Conclusion

Based on the foregoing, the district judge should dismiss Salem from this lawsuit on the basis of res judicata. If this recommendation is adopted, the Town of Salem will no longer be a defendant in this action.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v.

Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Dated: June 26, 2025

_____
Andrea K. Johnstone
U.S. Magistrate Judge

cc: Usman Chaudhry, pro se
    Brian J.S. Cullen, Esq.